UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRUSTEES OF THE NORTHEAST CARPENTERS,
HEALTH, PENSION, ANNUITY, APPRENTICESHIP
And LABOR MANAGEMENT COOPERATION
FUNDS,

                          Plaintiffs,                          **REPORT AND**
                                                                   **RECOMMENDATION**
                                                                     CV 17-2387 (ADS) (ARL)

                          -against-

CALI ENTERPRISES, INC., CALADRI
DEVELOPMENT CORP., CALI BROTHERS,
INC., J.CALI, INC. and CARJEN FENCE CO., INC.,

                               Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Plaintiffs, Trustees of the Northeast Carpenters, Health, Pension, Annuity, Apprenticeship and Labor Management Cooperation Funds (collectively, "Plaintiffs") commenced this action against the defendants, Cali Enterprises, Inc. ("Cali"), Caladri Development Corp. ("Caladri"), Cali Brothers, Inc. ("Cali Brothers"), J. Cali, Inc. ("J. Cali") and Carjen Fence Co. Inc. ("Carjen", and collectively, "Defendants"), for violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(a) and 1145 ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 185. To date, Defendants have not answered or moved with respect to the complaint. On October 1, 2018, Plaintiffs moved for a default judgment against Cali, Cali Brothers, J. Cali, and Carjen[1] ("Defaulting Defendants"). By Order dated October 2, 2018, Judge Spatt referred Plaintiffs' motion for a default judgment to the undersigned to determine whether the motion for a default judgment should be granted and, if

---

[1] By Order dated December 7, 2017 Judge Spatt stayed the proceedings as to defendant Caladri because Caladri had filed for bankruptcy. ECF No. 10.

so, the appropriate amount of damages, costs, and/or fees to be awarded upon such determination. For the reasons set forth below, the undersigned respectfully recommends that Plaintiffs' motion for a default judgment be denied and that Plaintiffs be required to address the issue of subject matter jurisdiction.

## BACKGROUND

### I. Factual Background

The following facts are taken from the complaint as well as the motion for default judgment and the exhibits attached to the motion. Plaintiffs, Trustees of the Northeast Carpenters, Health, Pension, Annuity, and Apprenticeship Funds (the "Funds"), are funds within the meaning of 29 U.S.C. § 1002(21)(A). Compl. ¶ 5. Plaintiffs, Trustees of the Northeast Carpenters Labor Management Cooperation are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(d)(9).

At all relevant times, Cali was a party to a collective bargaining agreement (the "CBA") with the Northeast Regional Council of Carpenters (the "Union"). Declaration of Richard J. Craven In Support of Plaintiffs' Motion for Default Judgment ("Craven Decl."), at ¶¶ 3-9. Pursuant to this CBA, Cali was required to make contributions to the Funds for all work performed in accordance with its terms. *See* Craven Decl., at ¶10.

In June 2016, Plaintiffs entered into a settlement with Cali and Louis Calicchia, the principal of Cali, to resolve Cali's liability for unpaid contributions, interest, costs, and other damages ("Settlement"). Craven Decl., at ¶ 17; Compl., at ¶ 17. As part of the Settlement, Cali agreed to pay Plaintiffs $129,323.19, by way of an initial payment of $22,679.68 followed by six monthly installments of $17,774. Craven Decl., at ¶ 18; Compl., at ¶ 17. Pursuant to the

Settlement, Cali and Louis Calicchia signed an affidavit of confession of judgment dated June 13, 2016 (the "Affidavit"). Craven Decl., at ¶ 19; Exhibit I. As set forth in the Affidavit, Cali and Louis Calicchia confessed judgment in the amount of $153,886.05. Exhibit I, at ¶ 4. In July 2016, Cali defaulted on its obligations under the Settlement and subsequently failed to cure its default, thereby authorizing Plaintiffs to enter judgment against Cali and Louis Calicchia pursuant to the Affidavit. Craven Decl., at ¶ 22. As a result of this default, on January 29, 2016, Plaintiffs obtained a judgment against Cali and Louis Calicchia in the total amount of $131,206.37 (the "2016 Judgment"). Exhibit 1; Compl., at ¶ 19.

After Cali and Calicchia failed to satisfy the 2016 Judgment, Plaintiffs initiated this action against Defendants, including Cali Brothers, J. Cali, and Carjen. In the Complaint, Plaintiffs seek to enforce the prior judgment against Defendants Cali Brothers, J. Cali, and Carjen as alter egos of Cali, on the theory that each of the named defendants is either the successor or alter ego of, or joint or single employer with, Cali, and is thereby bound by the CBA between Cali and the Union. *See* Compl. ¶¶ 32-44.

## II.     Procedural Background

Plaintiffs filed the complaint in this action on April 21, 2017. ECF No. 1. The summons and complaint were served on Caladri, Cali Brothers, Carjen, J. Cali and Cali via the Secretary of State on April 25, 2017. ECF No. 4-8. By Order dated December 7, 2017 Judge Spatt stayed the proceedings as to defendant Caladri because Caladri had filed for bankruptcy. ECF No. 10. By Order dated September 6, 2018, this Court ordered Plaintiffs to show cause, in writing to be filed by October 3, 2018, as to why this action be dismissed for failure to prosecute, as to Defendants other than Caladri. On September 11, 2018, Plaintiffs filed a request for a certificate of default

3

as to defendants Cali, Cali Brothers, J. Cali and Carjen with the Clerk of Court. ECF No. 12. The Clerk of Court issued the certificate of default the same day. ECF No. 13.

On October 1, 2018, Plaintiffs filed the for a default judgment as against Cali, Cali Brothers, J. Cali and Carjen. ECF No. 14. By Order dated October 2, 2018, the motion for a default judgment was referred to the undersigned. To date, Defendants have not opposed the motion for default judgment or responded in any way.

## DISCUSSION

### I. Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon

4

which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

## II.   Liability

Plaintiffs invoke this Court's subject-matter jurisdiction pursuant to Sections 502 and 515 of ERISA. Complaint ¶ 2 (citing 29 U.S.C. §§ 1132 and 1145). "However, . . . merely pleading that a case arises under ERISA is insufficient on its own to confer federal subject matter jurisdiction." *Labarbera v. United Crane & Rigging Servs., Inc.,* Nos. 08-CV-3274 (DLI) (ALC), 08-CV-3983 (DLI) (ALC), 2011 U.S. Dist. LEXIS 20939, 2011 WL 1303146, at *5 (E.D.N.Y. Mar. 2, 2011) (citing *Peacock v. Thomas*, 516 U.S. 349, 116 S. Ct. 862, 133 L. Ed. 2d 817 (1996)). Even in the context of a default, if the court finds that it lacks subject matter jurisdiction, relief may not be awarded. *See* Fed. R. Civ. P. 12(h)(3); *see also Wolf v. Town of Southampton,* No. 12 CV 5166, 2013 U.S. Dist. LEXIS 124436, 2013 WL 4679672 at *6 n.3 (E.D.N.Y. Aug. 30, 2013) (dismissing the complaint as to several defendants against whom default was entered because of lack of subject matter jurisdiction); *Hua Chen v. Honghui Shi,* No. 09 CV 8920, 2013 U.S. Dist. LEXIS 110409, 2013 WL 3963735, at *4 (S.D.N.Y. Aug. 1, 2013) (noting that default judgment cannot be entered against a nonappearing defendant who is not subject to the court's jurisdiction). "Lack of subject matter jurisdiction may be raised at any time by a party or by the Court *sua sponte*." *Adames v. Taju*, 80 F. Supp. 3d 465, 467 (E.D.N.Y. 2015). The burden of establishing subject matter jurisdiction is on plaintiffs. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Allure Metal Works, Inc.*, No 16-CV-1303 (JFB) (GRB), 2017 U.S. Dist. LEXIS 11892, 2017 WL 372051, at *2 (E.D.N.Y. Jan. 25, 2017).

5

As the United States Supreme Court made clear in *Peacock v. Thomas*, ERISA does not "provide[] for imposing liability for an extant ERISA judgment against a third party." 516 U.S. 349, 353 (1996). Accordingly, "[m]erely pleading that a case arises under ERISA is insufficient on its own to confer federal subject matter jurisdiction." *Labarbera v. United Crane & Rigging Servs.*, Nos. 08 CV 3274 (DLI)(ALC), 08 CV 3983 (DLI)(ALC), 2011 WL 1303146, at *12-13 (E.D.N.Y. Mar. 2, 2011) (citing *Peacock*, 516 U.S. 349, and dismissing complaint asserting successor and alter ego claims); *accord Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Allure Metal Works, Inc.*, 2017 U.S. Dist. LEXIS 11892, 2017 WL 372051, at *2 (E.D.N.Y. Jan. 25, 2017); *Annuity, Pension, Welfare v. Bedroc Group LLC*, 11-CV-5323 (ARR), 2012 U.S. Dist. LEXIS 183593, 2012 WL 6765231 (E.D.N.Y. Nov. 8, 2012); *Gesualdi v. Danielle Rigging, Inc.*, No. 09-CV-2124 (NGG)(ALC), 2011 WL 2516521, at *2-3 (E.D.N.Y. June 23, 2011).

In the wake of *Peacock*, courts in this Circuit have recognized that "courts do not have jurisdiction over alter ego claims seeking to shift liability." *See United Crane*, 2011 WL 1303146, at *12 (discussing *Epperson v. Entm't Express, Inc.*, 242 F.3d 100 (2d Cir. 2001)); *accord Danielle Rigging*, 2011 WL 2516521, at *2. In *Peacock*, the plaintiff Thomas sued defendant Peacock, who had been an officer and shareholder of Tru-Tech, the company subject to judgment for ERISA violations in the prior action. *Id.* at 351-52. After Thomas was unable to collect the judgment from Tru-Tech, he sought to reach Peacock's assets by suing Peacock in federal court to enforce the prior judgment; Thomas asserted state law claims that Peacock had siphoned and fraudulently conveyed Tru-Tech's assets in order to avoid paying the judgment. *Id.* at 352. The district court entered judgment against Peacock, and the Court of Appeals affirmed. *Id.* The Supreme Court reversed the judgment, concluding that, while Thomas relied on ERISA as the "source" of federal jurisdiction, his complaint in the second lawsuit "alleged no

6

violation of ERISA or of the plan." *Id.* at 353. While reaffirming "the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments," *id.* at 356, the Supreme Court noted the absence of federal jurisdiction "to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Id.* at 357.

Similarly, in *United Crane*, the district court found that where the plaintiffs were unable to collect a prior judgment for an ERISA violation because of a bankruptcy filing a second lawsuit to enforce the judgment against United Crane, based on a theory of successor liability did not allege new ERISA violations and therefore the Court dismissed the action. *Id.* at *9. In dismissing the action, the court rejected the plaintiffs' contention that an alter ego claim, without an allegation of direct and independent violations of ERISA, could support the exercise of federal jurisdiction. *Id.* at *10-13. In *Danielle Rigging*, the court reached the same result, relying on *United Crane*. *See Danielle Rigging*, 2011 WL 2516521, at *2-3.

Here, Plaintiffs entered into a settlement agreement with Cali regarding unpaid contributions, and ultimately obtained the 2016 Judgment. Unable to collected on the 2016 Judgment, Plaintiffs filed this lawsuit naming additional defendants, seeking to have those defendants ruled to be alter egos, successors of and single employers with Cali and to be held responsible for the judgment against Cali. However, just as in the cases described above, no new ERISA violation is alleged and under *Peacock* and its progeny, these allegations are not enough to confer subject matter jurisdiction on this court.

In addition to the claims described above, Plaintiffs also seek an order compelling the Defaulting Defendants to submit to an audit of their financial records for the period December 1, 2014 through the present, in order to discover additional amounts due and owing. Compl. ¶ 51.

7

This claim does not cure the jurisdictional defects in Plaintiffs' complaint. In support of this claim, Plaintiffs allege that under the CBA, Cali is contractually obligated to submit to an audit of financial records by Plaintiffs to ensure compliance with the Agreements and to pay any outstanding contributions discovered as a result of the audit and that as alter egos, successors, and or predecessors each of the Defaulting Defendants are bound by the CBA and are jointly and severally liable for each others unpaid contributions to the Funds. *Id.* at ¶ 48, 50. Thus, Plaintiffs argue that they are entitled to an Order directing all Defaulting Defendants to submit to an audit. *Id.* at ¶ 51.

While, the right of employee benefit plans to enforce such power to audit is well-established, *Mason Tenders Dist. Council Welfare Fund v. Asturias, Inc.*, 2003 U.S. Dist. LEXIS 1003 *4 (S.D.N.Y. Jan. 27, 2003) (citing *Central States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 571-72, 105 S. Ct. 2833, 86 L. Ed. 2d 447 (1985)); *see also Gesualdi v. Interstate Fire Prot., Inc.*, CV 15-5074 (ADS) (ARL), 2019 U.S. Dist. LEXIS 88147, 2019 WL 2437864 (E.D.N.Y. May 23, 2019), Plaintiffs must do more than merely assert a claim requesting an audit to confer jurisdiction on this court. Here, there is no allegation in the Complaint, nor any statement in any of the supporting affidavits indicating that Plaintiffs have demanded an audit of the books and records and that request has been refused. Nor have Plaintiffs alleged that there exist delinquencies that would justify the demand for an audit from as far back as December 2014. There is not a single allegation in the Complaint establishing ERISA liability on behalf of any of the Defendants. Plaintiffs have "alleged absolutely nothing to suggest that [Defendants] independently violated any provision of ERISA." *Danielle Rigging, Inc.*, 2011 WL 2516521.

Thus, the undersigned respectfully recommends that Plaintiffs' motion for entry of a default judgment be denied and that Plaintiffs be required to address the issue of subject matter jurisdiction.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiffs shall serve a copy of this Report and Recommendation on Defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       August 20, 2019

                                           _____/s/_____
                                           ARLENE R. LINDSAY
                                           United States Magistrate Judge